IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE A. SCULL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | NO. 15-1511 |

# ORDER

**AND NOW**, this            day of September, 2016, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 7), Defendant's Response thereto (Docket No. 8), the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Docket No. 10), Plaintiff's Objections thereto (Docket No. 11), and Defendant's Response (Docket No. 13), **IT IS HEREBY ORDERED** as follows:

1.   Plaintiff's Objections are **OVERRULED**.

2.   The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] Plaintiff Scull argued in his Brief that the ALJ failed to give controlling weight to the opinion of his treating psychiatrist, Dr. Putnam, and afforded limited weight to the findings of the consultive examiner, Dr. Schwartz, by referencing only the "normal" findings in the record and ignoring other evidence consistent with the treating source opinion.  The Magistrate Judge recommends that the ALJ's decision to not give controlling weight to the treating source opinions was supported by substantial evidence since the opinions were contradicted by Scull's infrequency of treatment, his reported activities of daily living ("ADL"), and Dr. Putman's own treatment notes.  As noted by the Magistrate Judge, the ALJ thoroughly reviewed and discussed Dr. Putnam's findings — a point that Scull did not challenge in his Brief — before concluding that his opinion, that Scull was markedly limited in several areas of mental function and recommending "no work," were unsupported.

Scull objects that the Magistrate Judge relied upon two inapposite decisions to support her recommendation that the ALJ's failure to discuss other evidence that supported Dr. Putnam was not error.  We overrule the objection.  The Magistrate Judge correctly cited Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008) (stating there is "no authority for the proposition that an ALJ must cite all evidence a claimant presents"), and Fargnoli v. Massanari, 247 F.3d 34 (3d Cir. 2001) (stating "we do not expect the ALJ to make reference to every relevant treatment note. . . .") to support her recommendation that an ALJ is not required to cite every piece of evidence in the record.  Moreover, the Magistrate Judge correctly recommends that the ALJ was supported by substantial evidence when he rejected the treating source opinions as unsupported since Dr. Putman's notes, up to that time, had described Scull as alert, cooperative, having normal concentration, speech and movement, logical thought processes and

    3.       Plaintiff's Request for Review is **DENIED**.

    4.       The Decision of the Commissioner is **AFFIRMED**.

                                  BY THE COURT:

                                    /s/ John R. Padova
                                    John R. Padova, J.

---

unimpaired thought content. Accordingly, the Magistrate Judge's recommendation that the ALJ was supported by substantial evidence in partially rejecting Dr. Putnam's opinions is approved and adopted.

       Scull next objects to the Magistrate Judge's recommendation that the ALJ's failure to consider Scull's work history in assessing his credibility was harmless error in light of the other substantial evidence supporting the partial negative credibility determination. The ALJ found that the evidence of Scull's ADL was inconsistent with his claim of a disabling level of depression. After reviewing this and other evidence, including the treating source progress notes, the ALJ also observed as part of his residual functional capacity ("RFC") determination that Scull's "alleged onset date appears to be relative to the date he was terminated from employment, which suggests reasons other than disability for filing his application for benefits." (R. 30.) Scull argued in his Brief that this reasoning ignored his consistent work history prior to his onset date, and evidence that he had searched for work after he was terminated from his last employment. The Magistrate Judge acknowledges that the ALJ did not discuss the impact of Scull's work history in his credibility determination, and did not expressly acknowledge Scull's efforts to find work after his termination, but recommends that these failures were harmless since other substantial evidence in the medical record supported the RFC determination. Scull objects that it is error to conclude that the ability to perform ADL is conclusive evidence a claimant is not credible. This assertion misstates the record and the objection is overruled. The Magistrate Judge recommends that the ALJ's finding — that Scull was only partially credible in describing his symptoms — was based on the record as a whole including the ADL evidence, and that because the ALJ articulated valid reasons other than the coincidence of the onset date with the date of termination for discounting Scull's credibility, that finding should not be disturbed. This recommendation is approved and adopted.

       Finally, Scull objects to the Magistrate Judge's recommendation that there was no error in the ALJ's hypothetical questions to the vocational expert. The Magistrate Judge recommends that since the ALJ was supported by substantial evidence in discounting Dr. Putnam's opinions on the severity of Scull's limitations, there was no error in relying upon answers to hypothetical questions that incorporated only the discounted limitations. We overrule the objection and approve and adopt the Magistrate Judge's recommendation that the ALJ properly incorporated Scull's limitations into the hypotheticals.